# EXHIBIT A

ELECTRONICALLY FILED
Superior Court of California,
County of Alameda
04/29/2024 at 05:32:56 PM
By: Damaree Franklin,
Deputy Clerk

ROGER E. GOLD (State Bar No. 214802)
rgold@rgoldlegal.com
CECIL B. CRAIN (State Bar No. 252780)
ccrain@rgoldlegal.com
MIA MATTIS (State Bar No. 191027)
mmattis@rgoldlegal.com
GOLD LAW FIRM
591 Redwood Highway, Bldg. 4000
Mill Valley, CA 94941
Tel: (415) 869-6990
Fax (415) 373-4579

Attorneys for Plaintiffs
JAY W. SANDERS, JR. et al.

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF ALAMEDA**

(UNLIMITED JURISDICTION)

| | |
|---|---|
| JAY W. SANDERS, JR., and JUDY M. SANDERS<br><br>Plaintiffs,<br><br>VS.<br><br>3M COMPANY, et al.,<br><br>Defendants. | No. 23CV041073<br><br>**AMENDMENT TO COMPLAINT TO SUBSTITUTE DEFENDANT'S TRUE NAME FOR DOES NO. 4, 5, 6, 7, 8, 9, 10, 11, 12, 13.**<br><br>[C.C.P. 474] |

## GENERAL ALLEGATIONS

Plaintiffs amend the complaint in this action as follows:

Plaintiffs have learned the true name of the defendant designated in the complaint as fictitious DOE as set forth below:

| TRUE NAME | FICTITIOUS NAME |
|---|---|
| AIR & LIQUID SYSTEMS CORPORATION, BUFFALO PUMPS DIVISION | DOE 4 |
| BLACKMER PUMP COMPANY | DOE 5 |
| ELECTROLUX HOME PRODUCTS, INC. SII COPES-VULCAN | DOE 6 |
| FLOWSERVE US INC., SOLELY AS SUCCESSOR TO EDWARD VALVES INC. | DOE 7 |
| FOSTER WHEELER ENERGY CORPORATION | DOE 8 |
| GRINNELL LLC | DOE 9 |
| ITT LLC | DOE 10 |
| REDCO CORPORATION, FKA CRANE CO. | DOE 11 |
| STERLING FLUID SYSTEMS USA, LLC FKA PEERLESS PUMPS | DOE 12 |
| WARREN PUMPS, LLC | DOE 13 |

Plaintiffs hereby substitute such true name for the fictitious name as set forth above wherever said name appears in the complaint.

DATED: April 29, 2024

**GOLD LAW FIRM**

By: [signature]

ROGER E. GOLD
Attorney for Plaintiffs

## PROOF OF SERVICE

I certify that I am over the age of 18 years and not a party to the within action; that my business address is 591 Redwood Highway, Ste 4000, Mill Valley, CA 94941; and that on this date I served a true copy of the document(s) in the action of *Jay W. Sanders, Jr., et al. v 3M Company, et al,* Alameda County Superior Court, Case No. 23CV041073, entitled:

**AMENDMENT TO COMPLAINT TO SUBSTITUTE DEFENDANTS' TRUE NAME FOR DOES 4 THROUGH 13**

on the following parties via the following methods of service:

**ALL COUNSEL OF RECORD**

X **Electronically** on the recipients designated on the Transaction Receipt listed on the Lexis Nexis File & Serve website, pursuant to Alameda Superior Court Notice of Entry of Stipulation and Order Authorizing Electronic Service on March 12, 2019.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this Proof of Service was executed on April 29, 2024, at Mill Valley, California.

Karlyn Swan

ELECTRONICALLY FILED
Superior Court of California,
County of Alameda
08/18/2023 at 07:36:48 PM
By: Chan Huang,
Deputy Clerk

ROGER E. GOLD (State Bar No. 214802)
rgold@rgoldlegal.com
CECIL B. CRAIN (State Bar No. 252780)
ccrain@rgoldlegal.com
MIA MATTIS (State Bar No. 191027)
mmattis@rgoldlegal.com
GOLD LAW FIRM
591 Redwood Highway, Bldg. 4000
Mill Valley, CA 94941
Tel: (415) 869-6990
Fax (415) 373-4579

Attorneys for Plaintiffs JAY W. SANDERS, JR. et al.

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF ALAMEDA**

(UNLIMITED JURISDICTION)

| | |
|---|---|
| JAY W. SANDERS, JR., and JUDY M. SANDERS<br><br>Plaintiffs,<br><br>VS.<br><br>3M COMPANY;<br>ALLIED PACKING;<br>ARMSTRONG INTERNATIONAL, INC.;<br>A.W. CHESTERTON COMPANY;<br>AURORA PUMP COMPANY;<br>CROSBY VALVE, LLC;<br>DCO LLC, f/k/a DANA COMPANIES, LLC, individually and as successor-by-merger to DANA CORPORATION, f/k/a SPICER MANUFACTURING and as successor-in-interest to VICTOR GASKET MANUFACTURING COMPANY;<br>ELLIOT COMPANY;<br>FMC CORPORATION, ON BEHALF OF ITS FORMER PEERLESS PUMP, CHICAGO PUMP AND NORTHERN PUMP BUSINESSES;<br>GOULDS PUMPS LLC;<br>GREENE, TWEED & CO.;<br>HILL BROTHERS CHEMICAL COMPANY;<br>IMO INDUSTRIES, INC. (FKA IMO DELAVAL INC.); | No. 23CV041073<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. NEGLIGENCE<br>2. STRICT LIABILITY<br>3. FALSE REPRESENTATION<br>4. PREMISES/CONTRACTOR LIABILITY<br>5. LOSS OF CONSORTIUM<br><br>And Prayer for PUNITIVE DAMAGES<br><br>(Asbestos – Personal Injury) |

J.T. THORPE & SON, INC.;
METALCLAD INSULATION LLC, INDIVIDUALLY & AS SUCCESSOR-IN-INTEREST TO NORTHERN CALIFORNIA INSULATION, INC.;
PAR SYSTEMS LLC SII C.H. WHEELER;
PARKER-HANNIFIN CORPORATION, AS SUCCESSOR-IN-INTEREST TO SACOMO SIERRA AND SACOMO MANUFACTURING COMPANY;
PARAMOUNT GLOBAL F/K/A VIACOMCBS INC., F/K/A CBS CORPORATION, A DELAWARE CORPORATION, F/K/A VIACOM INC., SUCCESSOR BY MERGER TO CBS CORPORATION, A PENNSYLVANIA CORPORATION, F/K/A WESTINGHOUSE ELECTRIC CORPORATION;
SB DECKING, INC. f/k/a Selby, Battersby & Company;
SOCO-LYNCH CORPORATION;
SPIRAX SARCO, INC.
THOMAS DEE ENGINEERING COMPANY, INC.;
THE GOODYEAR TIRE & RUBBER COMPANY;
THE WILLIAM POWELL COMPANY;
UNION CARBIDE CORPORATION;
VALVES AND CONTROLS US, INC. F/K/A WEIR VALVES & CONTROLS USA, INC. F/K/A ATWOOD & MORRILL CO., INC.;
VELAN VALVE CORP.;
YORK INTERNATIONAL CORPORATION, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO CENTRAL ENVIRONMENTAL SYSTEMS, INC., F/K/A BORG-WARNER CENTRAL ENVIRONMENTAL SYSTEMS, INC.;
AND THE FIRST DOE THROUGH THREE HUNDREDTH DOE, INCLUSIVE,

Defendants.

## GENERAL ALLEGATIONS

1. The Plaintiffs in this matter are JAY W. SANDERS, JR. and his spouse, JUDY M. SANDERS. The Plaintiffs in this matter shall herein be referred to as "Plaintiffs."

2. Plaintiff JAY W. SANDERS, JR. and his spouse, JUDY M. SANDERS, are at all times referenced herein, legally married.

3. Plaintiff JAY W. SANDERS, JR. suffers from mesothelioma, an always fatal form of cancer only caused by exposure to asbestos. Plaintiff JAY W. SANDERS, JR. was diagnosed with malignant pleural mesothelioma in approximately July of 2023.

4. The true names and capacities, whether individual, corporate, associate, governmental or otherwise, of defendants FIRST DOE through THREE HUNDREDTH DOE, inclusive, are unknown to plaintiffs at this time, who therefore sue said defendants by such fictitious names. When the true names and capacities of said defendants have been ascertained, plaintiff will amend this complaint accordingly. Plaintiffs are informed and believe, and thereon allege, that each defendant designated herein as a DOE is responsible, negligently or in some other actionable manner, for the events and happenings hereinafter referred to, and caused injuries and damages proximately thereby to the Plaintiffs, as hereinafter alleged.

5. At all times herein mentioned, each of the defendants, except as otherwise alleged, was the agent, servant, employee and/or joint venturer of co-defendants, and each of them, and at all said times, each defendant was acting in the full course and scope of said agency, service, employment and/or joint venture. Plaintiffs do not allege that Asbestos Corporation Limited was the agent, servant, employee and/or joint venturer of any entity during any of the years Asbestos Corporation Limited was owned by any governmental agency. Certain defendants agreed and conspired among themselves and with certain other individuals and/or entities, to act, or not to act, in such a manner that resulted in injury to the Plaintiff, JAY W. SANDERS, JR.; and such defendants, as co-conspirators, are liable for the acts, or failures to act, of other conspiring defendants. Plaintiffs are informed and believe, and allege, that at all times herein mentioned defendants FIRST DOE through THREE HUNDREDTH DOE, inclusive, were and are authorized to do business in the State of California, and that said defendants have regularly conducted business in the County of Alameda, State of California.

6. Plaintiffs are informed and believe, and thereon allege that at all times herein mentioned, each defendant named herein and FIRST DOE through THREE HUNDREDTH DOE, inclusive, were and are corporations organized and existing under and by virtue of the laws of the State of

California, or the laws of some other state or foreign jurisdiction, and that said defendants, and each of them, were and are authorized to do and are doing business in the State of California, and that said defendants have regularly conducted business in the County of Alameda.

**FIRST CAUSE OF ACTION-NEGLIGENCE**

**(Personal Injuries)**

PLAINTIFFS COMPLAIN OF DEFENDANTS, EACH OF THEM, AND FOR A CAUSE OF ACTION FOR NEGLIGENCE (PERSONAL INJURIES) ALLEGE:

7. The true names and capacities, whether individual, corporate, associate, governmental or otherwise, of defendants FIRST DOE through THREE HUNDREDTH DOE, inclusive, are unknown to plaintiffs at this time, who therefore sue said defendants by such fictitious names. When the true names and capacities of said defendants have been ascertained, plaintiffs will amend this Complaint accordingly. Plaintiffs are informed and believe and thereon allege that each defendant designated herein as a DOE is responsible, negligently or in some other actionable manner, for the events and happenings hereinafter referred to, and caused injuries and damages proximately thereby to the plaintiffs, as hereinafter alleged.

At all times herein mentioned, each of the defendants was the agent, servant, employee and/or joint venturer of his co-defendants, and each of them, and at all said times, each defendant was acting in the full course and scope of said agency, service, employment and/or joint venture. Plaintiffs are informed and believes, and thereon alleges, that at all times herein mentioned, defendants:

3M COMPANY;

ALLIED PACKING;

ARMSTRONG INTERNATIONAL, INC.;

A.W. CHESTERTON COMPANY;

AURORA PUMP COMPANY;

CROSBY VALVE, LLC;

DCO LLC, f/k/a DANA COMPANIES, LLC, individually and as successor-by-merger to DANA CORPORATION, f/k/a SPICER MANUFACTURING and as successor-in-interest to VICTOR GASKET MANUFACTURING COMPANY;

ELLIOT COMPANY;
FMC CORPORATION, ON BEHALF OF ITS FORMER PEERLESS PUMP, CHICAGO PUMP AND NORTHERN PUMP BUSINESSES;
GOULDS PUMPS LLC;
GREENE, TWEED & CO.;
HILL BROTHERS CHEMICAL COMPANY;
IMO INDUSTRIES, INC. (FKA IMO DELAVAL INC.);
J.T. THORPE & SON, INC.;
METALCLAD INSULATION LLC, INDIVIDUALLY & AS SUCCESSOR-IN-INTEREST TO NORTHERN CALIFORNIA INSULATION, INC.;
PAR SYSTEMS LLC SII C.H. WHEELER;
PARKER-HANNIFIN CORPORATION, AS SUCCESSOR-IN-INTEREST TO SACOMO SIERRA AND SACOMO MANUFACTURING COMPANY;
PARAMOUNT GLOBAL F/K/A VIACOMCBS INC., F/K/A CBS CORPORATION, A DELAWARE CORPORATION, F/K/A VIACOM INC., SUCCESSOR BY MERGER TO CBS CORPORATION, A PENNSYLVANIA CORPORATION, F/K/A WESTINGHOUSE ELECTRIC CORPORATION;
SB DECKING, INC. f/k/a Selby, Battersby & Company;
SOCO-LYNCH CORPORATION;
SPIRAX SARCO, INC.
THOMAS DEE ENGINEERING CO., INC.;
THE GOODYEAR TIRE & RUBBER COMPANY;
THE WILLIAM POWELL COMPANY;
UNION CARBIDE CORPORATION;
VALVES AND CONTROLS US, INC. F/K/A WEIR VALVES & CONTROLS USA, INC. F/K/A ATWOOD & MORRILL CO., INC.;
VELAN VALVE CORP.;
YORK INTERNATIONAL CORPORATION, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO CENTRAL ENVIRONMENTAL SYSTEMS, INC.,

F/K/A BORG-WARNER CENTRAL ENVIRONMENTAL SYSTEMS, INC.;

AND THE FIRST DOE THROUGH THREE HUNDREDTH DOE, inclusive, are corporations organized and existing under and by virtue of the laws of the State of California, or the laws of some state or foreign jurisdiction, and that said defendants were and are authorized to do and are doing business in the State of California, and that said defendants have regularly conducted business in the City and County of Alameda, State of California. The defendants identified in this paragraph are collectively hereinafter referred to as **"ASBESTOS DEFENDANTS."**

8. At all times herein mentioned, each of the **ASBESTOS DEFENDANTS** was the successor, successor in business, successor in product line or a portion thereof, parent, subsidiary, wholly or partially owned by, or the whole or partial owner of or member in an entity researching, studying, manufacturing, fabricating, designing, labeling, assembling, distributing, leasing, buying, offering for sale, selling, inspecting, servicing, installing, contracting for installation, repairing, marketing, warranting, rebranding, handling, modifying, scraping, disturbing, manufacturing for others, packaging and/or advertising a certain substance the generic name for which is asbestos, and other products containing said substance. Said entities shall hereinafter collectively be called "alternate entities". Each of the herein named **ASBESTOS DEFENDANTS** are liable for the tortuous conduct of each successor, successor in business, successor in product line or a portion thereof, assign, predecessor, predecessor in business, predecessor in product line or a portion thereof, parent, subsidiary, alter-ego, whole or partial owner, or wholly or partially owned entity, or entity that it as a member of, or funded, that researched, studied, manufactured, fabricated, designed, labeled, assembled, distributed, leased, bought, offered for sale, sold, inspected, serviced, installed, contracted for installation, repaired, swept up, abated, discarded, removed, drilled, supplied, marketed, warranted, rebranded, manufactured for others and advertised a certain substance, the generic name of which is asbestos, and other products containing said substance. The following **ASBESTOS DEFENDANTS**, and each of them, are liable for the acts of each and every "alternate entity", and each of them, in that there has been a virtual destruction of plaintiff's remedy against each such "alternate entity"; **ASBESTOS DEFENDANTS**, and each of them, have acquired the assets, product line, or apportion thereof, of each such "alternate entity"; **ASBESTOS DEFENDANTS**, and each of them, caused the destruction of plaintiff's remedy

against each such “alternate entity”; each such **ASBESTOS DEFENDANTS** has the ability to assume the risk-spreading role of each such “alternate entity”; and that each such **ASBESTOS DEFENDANTS** enjoys the goodwill originally attached to each such “alternate entity.”

| DEFENDANT | ALTERNATE ENTITY |
|---|---|
| DCO LLC | f/k/a DANA COMPANIES, LLC, individually and as successor-by-merger to DANA CORPORATION, f/k/a SPICER MANUFACTURING and as successor-in interest to VICTOR GASKET MANUFACTURING COMPANY |
| FMC CORPORATION | ON BEHALF OF ITS FORMER PEERLESS PUMP, CHICAGO PUMP AND NORTHERN PUMP BUSINESSES |
| IMO INDUSTRIES, INC. | FKA IMO DELAVAL INC. |
| METALCLAD INSULATION LLC | INDIVIDUALLY & AS SUCCESSOR-IN-INTEREST TO NORTHERN CALIFORNIA INSULATION, INC. |
| PARKER-HANNIFIN CORPORATION | AS SUCCESSOR-IN-INTEREST TO SACOMO SIERRA AND SACOMO MANUFACTURING COMPANY |
| PARAMOUNT GLOBAL | F/K/A VIACOMCBS INC., F/K/A CBS CORPORATION, A DELAWARE CORPORATION, F/K/A VIACOM INC., SUCCESSOR BY MERGER TO CBS CORPORATION, A PENNSYLVANIA CORPORATION, F/K/A WESTINGHOUSE ELECTRIC CORPORATION |
| SB DECKING, INC | f/k/a Selby, Battersby & Company |
| VALVES AND CONTROLS US, INC. | F/K/A WEIR VALVES & CONTROLS USA, INC. F/K/A ATWOOD & MORRILL CO., INC. |
| YORK INTERNATIONAL CORPORATION | INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO CENTRAL ENVIRONMENTAL SYSTEMS, INC., F/K/A BORG-WARNER CENTRAL |

| | |
|---|---|
| | ENVIRONMENTAL SYSTEMS, INC. |

9. For the purposes of the claims alleged herein, the Federal Court lacks subject matter jurisdiction over this Action, as there is no federal question and incomplete diversity of citizenship due to the presence of a California defendant. Removal is improper. Every claim arising under the Constitution, treaties, or law of the United States is expressly disclaimed, including any claim arising from an act or omission by a federal officer on a federal enclave, or of any Officer of the U.S. or any agency or person acting under him occurring under color of such office. No claim of admiralty or maritime law is raised. Plaintiffs sue no foreign state or agency. By this allegation, Plaintiffs are not disclaiming State law claims arising under State, statutory, decisional or common law, nor is Plaintiff disclaiming claims which stem from exposures on Federal enclaves. Plaintiffs are only disclaiming claims which would be directed at the Federal government and/or Federal officers. Venue is proper in the City and County of SAN FRANCISCO. Plaintiffs shall seek sanctions, attorneys' fees, and other appropriate relief in the event any Defendant moves to transfer and/or remove this Action to another court without reasonable period of meet and confer discussion relating to same prior to notice of removal and/or transfer of this Action.

10. Plaintiff JAY W. SANDERS, JR. was a California resident during a substantial period of his asbestos exposure upon which Plaintiffs' claims are based.

11. At all times herein mentioned, the **ASBESTOS DEFENDANTS,** and each of them, were engaged in the business of manufacturing, fabricating, designing, assembling, distributing, leasing, buying, selling, supplying, cleaning, discarding, drilling, inspecting, servicing, repairing, distributing, modifying, handling, installing, mixing, scraping, contracting to install, removing, contracting to remove, disturbing, cutting, grinding, scraping, marketing, warranting, negligently maintaining premises that had on them and/or advertising a certain substance, the generic name of which is asbestos, and/or other products containing said substance, or are engaged in the business of manufacturing, fabricating, designing, assembling, distributing, selling, and marketing of safety equipment, including respiratory protective devices which were intended to block the entry of asbestos fibers into the bodies of workers who were exposed to asbestos in the workplace and other locations.

12. At all times herein mentioned, the **ASBESTOS DEFENDANTS**, and each of them,

singularly and jointly, negligently and carelessly researched, tested or failed to test, warned or failed to warn, failed to maintain safe premises, failed to institute established industrial hygiene measures, negligently hired contractors, manufactured and/or caused to be manufactured, designed, developed, distributed, supplied, removed, abated, tore out, drilled, dug out, threw away, discarded, swept up, labeled, advertised, marketed, warranted, inspected, repaired, installed, scraped, cut, ground, mixed distributed, handled, fabricated, assembled, modified, serviced, and/or sold a certain substance, the generic name of which is asbestos, and/or other products containing said substance, and said substance was capable of causing and did, in fact, proximately cause personal injuries to users, consumers, workers and others, while being used in a manner reasonably foreseeable, thereby rendering said substances unsafe and dangerous for use by the consumers, users, bystanders or workers exposed thereto;

13. At all times herein mentioned, the **ASBESTOS DEFENDANT**S, and each of them manufactured, distributed, sold and/or designed products to be used with asbestos, and/or other products containing said substance. Each **ASBESTOS DEFENDANT** manufactured, distributed, sold and/or designed products in such a manner that it required the regular replacement of asbestos and/or other materials containing asbestos. Moreover, each **ASBESTOS DEFENDANT** defectively designed, sold, manufactured and/or distributed products which caused the degradation of integrated asbestos-containing products, which contributed to plaintiffs' development of asbestos disease. This being so, even despite the fact that alternative feasible designs were available that would not cause degradation and release of asbestos fibers from the original and replacements asbestos materials to the same extent as the design chosen by **ASBESTOS DEFENDANTS**.

14. It was foreseeable to each and every **ASBESTOS DEFENDANT** that the original asbestos and other materials containing asbestos would be removed and replaced with new asbestos and/or other materials containing asbestos during ordinary operation and maintenance. Indeed, during the time period in question, most if not all, replacement materials were comprised of asbestos. The operation, use and repair of each of the **ASBESTOS DEFENDANTS** products would affect both the original and replacement asbestos and other products containing asbestos by making them brittle, friable and not reusable. It was foreseeable to each **ASBESTOS**

**DEFENDANT** that the process of removing asbestos materials incorporated into their products and replacing them with new asbestos materials during ordinary repair and maintenance would disturb asbestos and result in the release of asbestos fibers into the air, thereby exposing Plaintiff, other workers and bystanders. Each **ASBESTOS DEFENDANT** failed to warn Plaintiff, other workers and bystanders of the risks inherent in the replacement of asbestos containing parts and failed to warn Plaintiff, other workers and bystanders that their product was designed to make asbestos friable.

15. Plaintiff herein is a worker who for or during a substantial length of time used, handled, was present or has been otherwise exposed to the asbestos and asbestos products referred to herein in a manner that was reasonably foreseeable.

16. As a direct and proximate result of the conduct of the **ASBESTOS DEFENDANTS**, and each of them, as aforesaid, the exposure to asbestos caused severe and permanent injuries to the plaintiff, including, but not limited to, mesothelioma and, severe shock to his nervous system and other injuries, the exact extent of which are unknown to plaintiff.

17. Plaintiff is informed and believes, and thereon alleges, that mesothelioma is a progressive lung disease caused by inhalation of asbestos fibers without perceptible trauma and that said disease results from exposure to asbestos and asbestos products over a period of time.

18. Plaintiff was not aware that exposure to asbestos presented any risk of injury and/or disease to him and had not been advised or informed by anyone that he could contract any disease, sickness or injury as a result of working in the vicinity of asbestos or otherwise as a bystander.

19. As a direct and proximate result of the aforesaid conduct of **ASBESTOS DEFENDANTS**, and each of them, plaintiff is dying and has suffered, and continues to suffer permanent injuries to his person, body and health, including but not limited to mesothelioma and other lung damage, all to his general damages in a sum invoking the unlimited jurisdiction of the Court.

20. As a direct and proximate result of the aforesaid conduct of the **ASBESTOS DEFENDANTS**, and each of them, plaintiff experienced and continues to experience prolonged pain and suffering and is presently incurring and will incur in the future, liability for physicians, surgeons, nurses, hospital care, medicine, hospitals, x-rays and other medical treatment, the true

and exact amount thereof being unknown to plaintiff at this time, and plaintiff prays leave to amend this Complaint accordingly when the true and exact cost thereof is ascertained.

21. Plaintiff JAY W. SANDERS, JR. has lost pre-judgment interest pursuant to Civil Code Section 3288, the exact amount of which plaintiff prays leave to insert herein when finally ascertained.

22. By reason of the aforesaid negligence of **ASBESTOS DEFENDANTS**, and each of them, plaintiff has suffered damages to his health, strength and activity in an amount that is presently unknown to plaintiff and plaintiff prays leave to amend this Complaint accordingly when the true and exact cost thereof is ascertained.

23. In researching, testing, manufacturing, distributing, labeling, and marketing said products, **ASBESTOS DEFENDANTS** in this cause of action named, and each of them, did so with conscious disregard for the safety of the users of said products, in that **ASBESTOS DEFENDANTS** had specific prior knowledge that there was a high risk of injury or death resulting from exposure to asbestos or asbestos products, including but not limited to asbestosis, pleural scarring, lung cancer and mesothelioma. Said knowledge was obtained, in part, from scientific studies, government data, and medical data to which **ASBESTOS DEFENDANTS** had access, as well as scientific studies performed by, at the request of, or with the assistance of, said **ASBESTOS DEFENDANTS**, and which knowledge was obtained by said **ASBESTOS DEFENDANTS** on or before 1933, and thereafter.

24. On or before 1933, and thereafter, said **ASBESTOS DEFENDANTS** were aware that users of asbestos and asbestos products, as well as members of the general public who would be exposed to asbestos and asbestos products, had no knowledge or information indicating that asbestos could cause injury, and said **ASBESTOS DEFENDANTS** knew that the users of asbestos and asbestos products, as well as members of the general public who were exposed to asbestos and asbestos products, would assume, and in fact did assume, that exposure to asbestos and asbestos products was safe, when in fact said exposure was extremely hazardous to human life.

25. With said knowledge, said **ASBESTOS DEFENDANTS** opted to manufacture and distribute said asbestos and asbestos products without attempting to protect users from or warn users of, the high risk of injury or death resulting from exposure to asbestos and asbestos products.

Rather than attempting to protect users and workers from, or warn workers and users of, the high risk of injury or death resulting from exposure to asbestos and asbestos products, **ASBESTOS DEFENDANTS** intentionally failed to reveal their knowledge of said risk, fraudulently, consciously and actively concealed and suppressed said knowledge from members of the general public that asbestos and asbestos products were unsafe for all reasonably foreseeable use, with the knowledge of the falsity of said implied representations.

26. The above referenced conduct of said **ASBESTOS DEFENDANTS** was motivated by the financial interest of said **ASBESTOS DEFENDANTS** in the continuing, uninterrupted design, distribution and marketing of asbestos and asbestos products. In pursuance of said financial motivation, said **ASBESTOS DEFENDANTS** consciously disregarded the safety of the users of, and persons exposed to, asbestos and asbestos products, and were in fact, consciously willing to permit asbestos and asbestos products to cause injury to workers and users thereof, and persons exposed thereto, including plaintiff.

27. The above referenced conduct of said **DEFENDANTS,** their alternate entities, and each of them, and their officers, directors and managing agents participated in, authorized, expressly or impliedly ratified, and had full knowledge of, or should have known of, each of the acts set forth herein.

28. As the above referenced conduct of said **ASBESTOS DEFENDANTS** was and is vile, base, willful, malicious, fraudulent, oppressive, outrageous, and in conscious disregard and indifference to the safety and health of workers exposed to asbestos and asbestos products, including plaintiff, plaintiff, for the sake of example, and by way of punishing said **ASBESTOS DEFENDANTS**, seeks punitive damages according to proof.

WHEREFORE, plaintiff prays judgment against **ASBESTOS DEFENDANTS**, and each of them, as hereafter set forth.

**SECOND CAUSE OF ACTION - STRICT LIABILITY**

AS AND FOR A SECOND, SEPARATE, FURTHER AND DISTINCT CAUSE OF ACTION FOR STRICT LIABILITY, PLAINTIFFS COMPLAINS OF THE **ASBESTOS DEFENDANTS,** AND EACH OF THEM, AND ALLEGES AS FOLLOWS:

29. Plaintiffs re-allege and incorporate herein by reference each of the proceeding paragraphs of this Complaint.

30. **ASBESTOS DEFENDANTS** and each of them, researched, manufactured, tested or failed to test, warned or failed to warn, designed, labeled, distributed, advertised, marketed, warranted, distributed, handled, installed, modified, scraped, inspected, abated, supplied, discarded, cleaned up, repaired, removed, offered for sale, sold, distributed and/or designed a certain substance, the generic name of which is asbestos and other products containing said substance, which substance is defective, in that same was capable of causing and did, in fact, cause personal injuries, including asbestosis, pleural scarring, lung cancer, mesothelioma and other lung damage, to the users and consumers thereof while being used in a reasonably foreseeable manner, thereby rendering the same unsafe and dangerous for use by consumers, users, bystanders and workers exposed thereto and not performing as safely as an ordinary consumer would have expected; said **ASBESTOS DEFENDANTS**, and each of them, further failed to adequately warn of the risks to which plaintiff and others similarly situated were exposed.

31. At all times mentioned herein, plaintiffs reasonably were unaware of the dangerous nature of the aforementioned products.

32. As a direct and proximate result thereof, plaintiffs have suffered the injuries and damages as previously set forth including those alleged in the First Cause of Action, inclusive.

33. In researching, testing, manufacturing, distributing, labeling, and marketing asbestos and asbestos products, Plaintiffs are informed and believe that Defendants, and each of them, did so with conscious disregard for the safety of the users of said asbestos and asbestos products, in that Defendants had specific prior knowledge that there was a high risk of injury or death resulting from exposure to asbestos or asbestos products, including but not limited to, asbestos-related disease. Said knowledge was obtained, in part, from scientific studies, government data, and medical data to which Defendants had access, as well as scientific studies performed by, at the request of, or with the assistance of, said Defendants, and which knowledge was obtained by said Defendants on or before 1933, and thereafter.

34. On or before 1933, and thereafter, said Defendants were aware that users of asbestos and asbestos products, as well as members of the general public who would be exposed to asbestos and

asbestos products, had no knowledge or information indicating that asbestos could cause injury, and said Defendants knew that the users of asbestos and asbestos products, as well as members of the general public who were exposed to asbestos and asbestos products, would assume, and in fact did assume, that exposure to asbestos and asbestos products was safe, when in fact said exposure was extremely hazardous to human life.

35. With said knowledge, said Defendants opted to manufacture, distribute and/or use said asbestos and asbestos products without attempting to protect users and workers from, or warn workers and users of, the high risk of injury or death resulting from exposure to asbestos and asbestos products. Rather than attempting to protect users and workers from, or warn workers and users of, the high risk of injury or death resulting from exposure to asbestos and asbestos products, Defendants intentionally failed to reveal their knowledge of said risk, and consciously and actively concealed and suppressed said knowledge from members of the general public that asbestos and asbestos products were unsafe for all reasonably foreseeable use, with the knowledge of the falsity of said implied representations.

36. The above-referenced conduct of said Defendants was motivated by the financial interest of said Defendants in the continuing, uninterrupted distribution and marketing of asbestos and asbestos products. In pursuance of said financial motivation, said Defendants consciously disregarded the safety of the users of, and persons exposed to, asbestos and asbestos products, and were in fact, consciously willing to permit asbestos and asbestos products to cause injury to workers and users thereof, and personally exposed thereto, including plaintiff.

37. The above referenced conduct of said **DEFENDANTS,** their alternate entities, and each of them, and their officers, directors and managing agents participated in, authorized, expressly or impliedly ratified, and had full knowledge of, or should have known of, each of the acts set forth herein.

38. As the above-referenced conduct of said Defendants was and is willful, malicious, outrageous, and in conscious disregard and indifferent to the safety and health of workers exposed to asbestos and asbestos products, including Plaintiff, for the sake of example, and by way of punishing said Defendants, Plaintiffs seek punitive damages according to proof.

**THIRD CAUSE OF ACTION - FALSE REPRESENTATION UNDER RESTATEMENT**

**OF TORTS SECTION 402-B**

AS AND FOR A THIRD, SEPARATE, FURTHER AND DISTINCT CAUSE OF ACTION FOR STRICT LIABILITY, PLAINTIFF COMPLAINS OF THE **DEFENDANTS** AND EACH OF THEM, AND ALLEGES AS FOLLOWS:

39. Plaintiffs re-allege and incorporate herein by reference each of the proceeding paragraphs of this Complaint.

40. At the aforementioned time when Defendants, their "Alternate Entities," and each of them, researched, manufactured, fabricated, designed, modified, tested or failed to test, inadequately warned or failed to warn, labeled, assembled, distributed, leased, bought, offered for sale, supplied, sold, inspected, serviced, installed, contracted for installation, repaired, marketed, warranted, rebranded, manufactured for others, packaged and advertised the said asbestos and asbestos-containing products, as herein above set forth, the Defendants, their "Alternate Entities," and each of them, expressly and impliedly represented to members of the general public, including the purchasers and users of said product, and other "exposed persons," including the Plaintiff herein and his employers, that asbestos and asbestos-containing products, were of merchantable quality, and safe for the use for which they were intended.

41. The purchasers and users of said asbestos and asbestos-containing products, and other "exposed persons," including the Plaintiff and his employers, relied upon said representations of Defendants, their "Alternate Entities," and each of them, in the selection, purchase and use of asbestos and asbestos-containing products.

42. Said representations by Defendants, their "Alternate Entities," and each of them, were false and untrue, and Defendants knew at the time they were untrue, in that the asbestos and asbestos-containing products were not safe for their intended use, nor were they of merchantable quality as represented by Defendants, their "Alternate Entities," and each of them, in that asbestos and asbestos-containing products have very dangerous properties and defects whereby said products cause asbestosis, other lung damages and cancer, and have other defects that cause injury and damage to the users of said products and other "exposed persons," thereby threatening the health and life of said persons including Plaintiff herein.

43. As a direct and proximate result of said false representations by Defendants, their "Alternate Entities," and each of them, the Plaintiff sustained the injuries and damages herein

above set forth.

44. The above-referenced conduct of said Defendant was and is willful, malicious, outrageous and/or in conscious disregard and indifference to the safety of users of said asbestos and asbestos products, including Plaintiff. Defendant is guilty of oppression, fraud, or malice and engaged in conduct which was intended by the defendant to cause injury to the plaintiff or conduct which was carried on by the defendant with a conscious disregard of the rights or safety of others. Defendant subjected Plaintiff to cruel and unjust hardship in conscious disregard of her rights and engaged in intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention on the part of the defendant of thereby depriving Plaintiff of property or legal rights or otherwise causing injury. Plaintiff therefore, for the sake of example and by way of punishing Defendant, seeks damages according to proof.

**FOURTH CAUSE OF ACTION – PREMISES LIABILITY**

AS FOR A FOURTH, SEPARATE, FURTHER AND DISTINCT CAUSE OF ACTION FOR STRICT LIABILITY, PLAINTIFFS COMPLAINS OF THE **PREMISES OWNER/CONTRACTOR LIABILITY DEFENDANTS** and TWO HUNDRED-FIFTY FIRST DOE THROUGH THREE HUNDREDTH DOE AND EACH OF THEM, AND ALLEGES AS FOLLOWS:

45. Plaintiffs re-allege and incorporate herein by reference each of the proceeding paragraphs of this Complaint.

46. At all times mentioned herein, the Premises Owner/Contractor Liability Defendants (listed on Exhibit A), and each of them, respectively, owned, leased, maintained, managed, and/or controlled the premises listed where Plaintiff was present. The information provided is preliminary, based on recall over events covering many years and further investigation and discovery may produce more reliable information. Additionally, Plaintiff might have been present at these or other Premises Owner/Contractor Liability Defendants (listed on Exhibit A)' premises at other locations and on other occasions.

47. Prior to and at said times and places, said Premises Owner/Contractor Liability Defendants (listed on Exhibit A), and each of them, respectively, caused certain asbestos-containing insulation, other building materials, products and toxic substances to be constructed, installed, maintained, used, supplied, replaced, repaired and/or removed on each of the aforesaid

respective premises, by their own workers and/or by various contractors, and caused the release of dangerous quantities of toxic asbestos fibers and other toxic substances into the ambient air and thereby created a hazardous and unsafe condition to Plaintiff and other persons exposed to said asbestos fibers and toxic substances while present at said premises.

48. At all times mentioned herein, said Premises Owner/Contractor Liability Defendants (listed on Exhibit A), and each of them, knew or in the exercise of ordinary and reasonable care should have known, that the foregoing conditions and activities created a dangerous, hazardous, and unsafe condition and unreasonable risk of harm and personal injury to Plaintiff and other workers or persons so exposed present on each of the aforesaid respective premises.

49. At all times relevant herein, Plaintiff entered said premises and used or occupied each of said respective premises as intended and for each of the respective Premises Owner/Contractor Liability Defendants (listed on Exhibit A)' request and invitation. In so doing, Plaintiff was exposed to dangerous quantities of asbestos fibers and other toxic substances released into the ambient air by the aforesaid hazardous conditions and activities managed, maintained, initiated, and/or otherwise created, controlled, or caused by said Premises Owner/Contractor Liability Defendants (listed on Exhibit A), and each of them.

50. Plaintiff at all times was unaware of the hazardous condition or the risk of personal injury created by the aforesaid presence and use of asbestos products and materials and other toxic substances on said premises.

51. At all times mentioned herein, said Premises Owner/Contractor Liability Defendants (listed on Exhibit A), and each of them, remained in control of the premises where Plaintiff was performing his work.

52. At all times mentioned herein, the Premises Owner/Contractor Liability Defendants (listed on Exhibit A), owed to Plaintiffs and others similarly situated a duty to exercise ordinary care in the management of such premises in order to avoid exposing workers such as Plaintiff to an unreasonable risk of harm and to avoid causing injury to said person.

53. At all times mentioned herein, said Premises Owner/Contractor Liability Defendants (listed on Exhibit A), and each of them, negligently failed to maintain, manage, inspect, survey, or control said premises or to abate or correct, or to warn Plaintiff of, the existence of the aforesaid

dangerous conditions and hazards on said premises.

54. Prior to and at the times and places aforesaid, said Premises Owner/Contractor Liability Defendants (listed on Exhibit A), and each of them, respectively, caused certain asbestos-containing insulation, other building materials, products and toxic substances to be constructed, installed, maintained, used, replaced, repaired and/or removed on each of their aforesaid respective premises, by their own workers and/or by employing various contractors, and caused the release of dangerous quantities of toxic asbestos fibers and other toxic substances into the ambient air and thereby injured Plaintiff.

55. At all times mentioned herein, said Premises Owner/Contractor Liability Defendants (listed on Exhibit A), and each of them, should have recognized that the work of said contractors would create during the progress of the work, dangerous, hazardous, and unsafe conditions which could or would harm Plaintiff and others unless special precautions were taken.

56. In part, Plaintiff was exposed to dangerous quantities of asbestos fibers and other toxic substances by reason of such contractors' failure to take necessary precautions.

57. The work of contractors on premises controlled by the Premises Owner/Contractor Defendants created an unsafe premise and an unsafe work place by reason of the release of dangerous quantities of toxic substances including but not limited to asbestos.

58. The unsafe premise or work place was created, in part, by the negligent conduct of the contractors employed by the Premises Owner/Contractor Defendants. Said negligent conduct includes but is not limited to:

a. Failure to warn of asbestos and other toxic dusts;

b. Failure to suppress the asbestos-containing or toxic dusts;

c. Failure to remove the asbestos-containing and toxic dust through the use of ventilation or appropriate means;

d. Failure to provide adequate breathing protection, i.e., approved respirators or masks;

e. Failure to inspect and/or test the air;

f. Failure to provide medical monitoring.

59. The Premises Owner/Contractor Defendants' duty to maintain and provide safe premises,

a safe place to work, and to warn of dangerous conditions are non-delegable; said duties arise out of common law, Civil Code §1708, and Labor Code §6400, et seq., or Health & Safety Code §40200, et seq., and regulations promulgated thereunder. Therefore, the Premises Owner/Contractor Defendants are responsible for any breach of said duties whether by themselves or others.

60. Prior to and at said times and places, said Premises Owner/Contractor Liability Defendants (listed on Exhibit A) were subject to certain ordinances, statutes, and other government regulations promulgated by the United States Government, the State of California, and others, including but not limited to the General Industry Safety Orders promulgated pursuant to California Labor Code §6400 and the California Administrative Code under the Division of Industrial Safety, Department of Industrial Relations, including but not limited to Title VIII, Group 9 (Control of Hazardous Substances), Article 81, §§4105, 4106, 4107 and 4108, and Threshold Limit Values as documented for asbestos and other toxic substances under Appendix A, Table 1 of said Safety Orders; additionally, California Health & Safety Code §40200, et seq., which empowers the California Air Quality Management Districts to promulgate regulations covering emission standards for hazardous air pollutants. Such state and federal standards required said Premises Owner/Contractor Liability Defendants (listed on Exhibit A) to provide specific safeguards or precautions to prevent or reduce the inhalation of asbestos dust and other toxic fumes or substances; and said Premises Owner/Contractor Liability Defendants (listed on Exhibit A) failed to provide the required safeguards and precautions. Defendants' violations of said codes include but are not limited to:

a. Failing to comply with statutes and allowing ambient levels of airborne asbestos fiber to exceed the permissible/allowable levels with regard to the aforementioned statutes;

b. Failing to segregate work involving the release of asbestos or other toxic dusts;

c. Failing to suppress dust using prescribed ventilation techniques;

d. Failing to suppress dust using prescribed "wet down" techniques;

e. Failing to warn or educate Plaintiff or others regarding asbestos or other toxic substances on the premises;

f. Failing to provide approved respiratory protection devices

g. Failing to ensure "approved" respiratory protection devices were used properly;

h. Failing to provide for an on-going health and screening program for those exposed to asbestos on the premises;

i. Failing to provide adequate housekeeping and clean-up of the work place;

j. Failing to properly warn of the hazards associated with asbestos as required by statute;

k. Failing to properly report renovation and disturbance of asbestos-containing materials;

l. Failing to have an asbestos removal supervisor as required by regulation;

m. Failing to get approval for renovation as required by statutes; and

n. Failing to maintain records as required by statute.

61. Premises Owner/Contractor Liability Defendants (listed on Exhibit A), and each of them, were the "statutory employer" of Plaintiff as defined by the California Labor Code and California case law.

62. Plaintiff at all times was unaware of the hazardous condition or the risk of personal injury created by Defendants' violation of said regulations, ordinances or statutes.

63. At all times mentioned herein, Plaintiff was a member of the class of persons whose safety was intended to be protected by the regulations, statutes or ordinances described in the foregoing paragraphs.

64. At all times mentioned herein, said Premises Owner/Contractor Liability Defendants (listed on Exhibit A), and each of them, knew, or in the exercise of ordinary and reasonable care should have known, that the premises that were in their control would be used without knowledge of, or inspection for, defects or dangerous conditions, that the persons present and using said premises would not be aware of the aforesaid hazardous conditions to which they were exposed on the premises, and that such persons were unaware of the aforesaid violations of codes, regulations and statutes.

65. As a legal consequence of the foregoing, Plaintiff developed an asbestos-related illness - mesothelioma, which has caused great injury and disability as previously set forth, and Plaintiff

has suffered damages as herein alleged. The above-referenced conduct of said Defendant was and is willful, malicious, outrageous and/or in conscious disregard and indifference to the safety of users of said asbestos and asbestos products, including Plaintiff. Defendant is guilty of oppression, fraud, or malice and engaged in conduct which was intended by the defendant to cause injury to the plaintiff or conduct which was carried on by the defendant with a conscious disregard of the rights or safety of others. Defendant subjected Plaintiff to cruel and unjust hardship in conscious disregard of his rights and engaged in intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention on the part of the defendant of thereby depriving Plaintiff of property or legal rights or otherwise causing injury. Plaintiff therefore, for the sake of example and by way of punishing Defendant, seeks punitive damages, according to proof.

**FIFTH CAUSE OF ACTION - LOSS OF CONSORTIUM**

AS AND FOR A FURTHER, FIFTH SEPARATE AND DISTINCT CAUSE OF ACTION FOR LOSS OF CONSORTIUM, PLAINTIFF JUDY M. SANDERS COMPLAINS OF **ASBESTOS DEFENDANTS,** AND EACH OF THEM, AND ALLEGES AS FOLLOWS:

66. Plaintiff JUDY M. SANDERS incorporates herein by reference and makes a part hereof as though fully set forth herein, all the preceding paragraphs of this Complaint.

67. Plaintiff JUDY M. SANDERS is now, and at times herein mentioned, the lawfully wedded spouse of JAY W. SANDERS, JR..

68. As a direct and proximate result of the acts of **ASBESTOS DEFENDANTS**, and each of them, as set forth and incorporated herein by reference, and the severe injuries caused thereby to JAY W. SANDERS, JR., as alleged in his Complaint, plaintiff JUDY M. SANDERS has suffered, and for a long period of time will continue to suffer loss of consortium, including but not by way of limitation, loss of services, marital relations, society, comfort, companionship, love and affection of her said spouse, and has suffered severe mental and emotional distress and general nervousness as a result thereof.

69. Plaintiff JUDY M. SANDERS as a result of the foregoing described injuries to her Spouse, JAY W. SANDERS, JR., has been generally damaged in a sum in excess of the jurisdictional limits of the Municipal Court.

WHEREFORE, plaintiff prays judgment against **ASBESTOS DEFENDANTS**, and each of them, as hereafter set forth.

**DAMAGES**

WHEREFORE, Plaintiffs pray judgment against Defendants, and each of them, for each of the causes of action set forth above, as follows:

1. For plaintiffs' general damages according to proof;
2. For plaintiff JAY W. SANDERS, JR.'s medical and related expenses; according to proof;
3. For plaintiffs' prejudgment interest according to proof, pursuant to Civil Code section 3288;
4. For loss of income, wages and earning potential according to proof;
5. For plaintiffs' costs of suit herein;
6. For loss of care, comfort and society;
7. For exemplary or punitive damages according to proof; and
8. For such other and further relief as this Court deems just and proper.

DATED: August 18, 2023

**GOLD LAW FIRM**

By: ______________________
ROGER E. GOLD
Attorney for Plaintiffs

**"EXHIBIT A" TO THE COMPLAINT**

J.T. THORPE & SON, INC.